The only question arising in the case, was as to the effect of an alleged tender by the defendants, and upon which the following are the facts established by the evidence:
Stenhouse, one of the defendants, testified that after the maturity of the first note, and shortly before that of the second, he went to the plaintiff, the Bank of Charlotte, and propose to pay the amount of the notes in Confederate money. He was told by the President of the Bank, that the old issue of Confederate money was soon to be replaced by a new issue. That, he, the President, would prefer that we would keep the money and use it until the new issue came out, and that he would then receive the new issue. He, the defendant as (704) witness, further stated, that when the new issue was in circulation, he again went to the defendant, to wit: about the 9th of July, 1864, and offered to pay the amount of the two notes; that the *Page 565 
President refused to receive it. This defendant further stated, that he then had in his hands about seventeen thousand dollars in Confederate money, and that he was then ready, able and willing to pay the whole amount.
Another witness, one McDonald, a clerk of defendants, testified that he went to the plaintiff a few days after the occurrence above recited, and offered to pay the two notes in Confederate money, and that the President of the Bank again refused to receive it. At the time the witness had in his hands twenty thousand dollars. This witness further stated, that the defendants were able to pay the whole amount due.
Certain issues were submitted to the jury under the direction of the Court, who responded thereto as follows:
1. That the defendants were ready, able and willing to pay the notes due in February, 1864, on the 9th of July, 1864, and offered then to pay the same;
2. That the defendants used the funds they tendered to the plaintiff after the tender was made;
3. That there was on the 9th of July aforesaid a tender of $20,000 by defendants, and a refusal to receive the same by the plaintiff.
Upon the return of the verdict, the counsel for the plaintiff moved for judgment against the defendants, 1. According to the dates of the original notes, for which the notes sued upon were given in renewal, as is alleged and not denied, as of their scaled value at that time with interest; 2. If that be refused, then for interest on the scaled value of the notes from the bringing of this action. These motions his Honor refused, and gave judgment for $1,722.05, of which $1,667.06 was principal money, the scaled value of the notes sued, at the date thereof, no interest being allowed by the Court between the date of the tender and the judgment.
From this judgment plaintiff appealed.
This case is governed by the principles asserted in the case of the same plaintiff against Davidson, at this term. The notes must be scaled at their respective dates. In one respect (705) only does the present case differ from that. Here the first tender was made a few days after one of the notes sued on fell due, and a few days before the other did. A second tender was made some *Page 566 
days after both notes were due. Ordinarily, a plea of tender stating those facts would be bad. But the strict rules applicable to contracts to pay money in ordinary times require to be modified when applied to contracts made and maturing during the war, and payable in Confederate money. As at the time of the first tender, no objection was made by reason of the time of the tender and payment was deferred at the request of the plaintiff and to prevent loss to him, we are of opinion that interest ought to stop from the time of the offer to pay until the service or date of summons in this action.
Judgment may be drawn accordingly. Neither party will recover costs.
PER CURIAM. Judgment accordingly.